

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR – 4 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JPI CONSTRUCTION, L.P.; MULTIFAMILY | ) |
| CONSTRUCTION, L.L.C.; JPI APARTMENT | ) |
| DEVELOPMENT, L.P. D/B/A JPI CAMPUS | ) |
| QUARTERS; LIFESTYLE APARTMENT | ) |
| DEVELOPMENT SERVICE, L.L.C.; JEFFERSON | ) |
| BEND, L.P. D/B/A JEFFERSON AT MISSION GATE | ) Civil Action No. |
| APARTMENTS; JEFFERSON LAKE CREEK, L.P. | ) |
| D/B/A JEFFERSON CENTER APARTMENTS; and | ) |
| APARTMENT COMMUNITY REALTY, L.L.C. | ) |
| | ) |
| Defendants. | ) |
| | ) |

3-09CV0412–B

## COMPLAINT

The United States of America alleges:

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII

of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988

("Fair Housing Act"), 42 U.S.C. §§ 3601-3619, and Title III of the Americans with Disabilities

Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189.

### Jurisdiction and Venue

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42

U.S.C. §§ 3614(a) and 12188(b)(1)(B). The Court may grant declaratory and other relief

pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1392 because a substantial part of the events or omissions giving rise to the claims alleged in this action arose in the Northern District of Texas.

## Properties

4.  Jefferson at Mission Gate ("Mission Gate") is an apartment property located at 8025 Ohio Drive, Plano, Texas 75024-2316.  Mission Gate has a rental office.

5.  Jefferson Center Apartments ("Jefferson Center") is an apartment property located at 8701 West Palmer Lane, Austin, Texas 78729-4941.  Jefferson Center has a rental office.

## The Defendants

6.  Defendant JPI Construction, L.P. is a limited partnership organized under the laws of Delaware and registered to do business in Texas and other states, with its principal place of business at 600 E. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039-5625.  Defendant JPI Construction, L.P. is a general contractor for multi-family housing, including housing that was built for first occupancy after March 13, 1991.  It works with other JPI-related companies engaged in the development of multi-family housing.  It was the general contractor for Mission Gate and Jefferson Center, and, in those capacities, was involved in the design and construction of Mission Gate, Jefferson Center, and other covered multi-family dwellings.

7.  Defendant Multifamily Construction, L.L.C. is a limited liability company organized under the laws of Delaware and registered to do business in Texas and other states, with its principal place of business at 600 E. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039-5625.  Defendant Multifamily Construction, L.L.C. is a general partner of Defendant JPI Construction, L.P. and engages in the business of constructing multi-family housing properties.

2

In that capacity, Defendant Multifamily Construction, L.L.C. was involved in the design and construction of Mission Gate, Jefferson Center, and other covered multi-family dwellings.

8. Defendant JPI Apartment Development, L.P., also doing business as JPI Campus Quarters, is a limited partnership under the laws of Delaware and registered to do business in Texas and other states, with its principal place of business at 600 E. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039-5625. Defendant JPI Apartment Development, L.P. was an owner and developer of Mission Gate and Jefferson Center during the design and construction of Mission Gate and Jefferson Center, and, in those capacities, was involved in the design and construction of Mission Gate, Jefferson Center, and other covered multi-family dwellings.

9. Defendant Lifestyle Apartment Development Service, L.L.C. is a limited liability company under the laws of Delaware and registered to do business in Texas and other states, with its principal place of business at 600 E. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039-5625. Defendant Lifestyle Apartment Development Service, L.L.C. engages in the business of residential real estate ownership and development. Defendant Lifestyle Apartment Development Service, L.L.C. was a general partner in Defendant JPI Apartment Development, L.P. and was involved in the design and construction of Mission Gate, Jefferson Center, and other covered multi-family dwellings.

10. Defendant Jefferson Bend, L.P., also doing business as Jefferson at Mission Gate, is a limited partnership organized under the laws of Delaware and registered to do business in Texas, with its principal place of business at 600 E. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039-5625. Defendant Jefferson Bend, L.P. was an owner and a developer of Mission

3

Gate during the time of its design and construction. In that capacity, Defendant Jefferson Bend, L.P. was involved in the design and construction of Mission Gate.

11. Defendant Jefferson Lake Creek, L.P., also doing business as Jefferson Center Apartments, is a limited partnership organized under the laws of Delaware and registered to do business in Texas, with its principal place of business at 600 Las Colinas Blvd. East, Suite 1800, Irving, Texas 75039-5625. Defendant Jefferson Lake Creek, L.P. was an owner and a developer of Jefferson Center during the time of its design and construction. In that capacity, Defendant Jefferson Lake Creek, L.P. was involved in the design and construction of Jefferson Center.

12. Defendant Apartment Community Realty, L.L.C. is a limited liability company organized under the laws of Delaware and registered to do business in Texas and other states, with its principal place of business at 600 E. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039-5625. Defendant Apartment Community Realty, L.L.C. engages in the business of residential real estate ownership and development. Defendant Apartment Community Realty, L.L.C. was a general partner in Defendant Jefferson Bend, L.P. and Defendant Jefferson Lake Creek, L.P. and was involved in the design and construction of Mission Gate and Jefferson Center.

## Other Properties

13. The Defendants have designed and constructed 205 or more other multi-family housing properties in 26 states and the District of Columbia. These other multi-family housing properties typically have rental or sales offices.

**Factual Allegations**

14.   The properties described in paragraphs 4, 5 and 13 were designed and constructed for first occupancy after March 13, 1991.

15.   The properties described in paragraphs 4, 5 and 13 contain "dwellings" as defined by 42 U.S.C. § 3602(b).

16.   The properties described in paragraphs 4, 5 and 13 contain "covered multi-family dwellings" within the meaning of 42 U.S.C. § 3604(f).

17.   The covered multi-family dwellings at the properties described in paragraphs 4, 5 and 13 are subject to the accessibility requirements of 42 U.S.C. § 3604(f).

18.   The covered multi-family dwellings at the properties described in paragraphs 4 and 5 are not designed and constructed in a manner so that:

   a.  the public use and common use portions of the dwellings therein are readily accessible to and usable by handicapped persons;

   b.  all doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs;

   c.  all premises within such dwellings contain the following features of adaptive design:

      i.  accessible routes into and through the dwellings;

      ii.  light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; and

      iii.  usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

5

19. Some of the covered multi-family dwellings at the properties described in paragraph 13 are not designed and constructed in a manner so that:

    a. the public use and common use portions of the dwellings therein are readily accessible to and usable by handicapped persons;

    b. all doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs;

    c. all premises within such dwellings contain the following features of adaptive design:

        i. accessible routes into and through the dwellings;

        ii. light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; and

        iii. usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

20. The rental or sales offices at the properties described in paragraphs 4, 5 and 13 are public accommodations within the meaning of Section 301(7)(E) of the Americans with Disabilities Act, 42 U.S.C. § 12181(7)(E).

21. The rental or sales offices of the properties described in paragraphs 4, 5 and 13 were designed and constructed for first occupancy after January 26, 1993.

22. The rental or sales offices of the properties described in paragraphs 4, 5 and 13 are subject to the requirements of 42 U.S.C. §§ 12181-12183.

23. The rental or sales offices of the properties described in paragraphs 4 and 5 are not designed and constructed so that they are readily accessible to and usable by individuals with

disabilities, as required by Section 303(a)(1) of the ADA, 42 U.S.C. §12183(a)(1). These rental

or sales offices fail to comply with the Department of Justice's regulation implementing Title III

of the ADA, 28 C.F.R. Part 36, including the Standards for Accessible Design, 28 C.F.R. Part 36,

Appendix A ("the ADA Standards").

24. The rental or sales offices of some of the properties described in paragraph 13 are not

designed and constructed so that they are readily accessible to and usable by individuals with

disabilities, as required by Section 303(a)(1) of the ADA, 42 U.S.C. §12183(a)(1). These rental

offices fail to comply with the Department of Justice's regulation implementing Title III of the

ADA, 28 C.F.R. Part 36, including the ADA Standards.

## Fair Housing Act Claims

25. The allegations of paragraphs 1 through 24 are hereby incorporated by reference.

26. The Defendants have failed to design and construct covered multi-family dwellings

in the manner set forth in 42 U.S.C. §§ 3604(f)(3)(C).

27. The Defendants' conduct described above violates 42 U.S.C.     §§ 3604(f)(1), (f)(2),

and (f)(3)(C).

28. The Defendants' conduct constitutes:

    a. a pattern or practice of resistence to the full enjoyment of rights granted by the

Fair Housing Act, 42 U.S.C. §§ 3601 – 3619; or

    b. a denial to a group of persons of rights granted by the Fair Housing Act,  42

U.S.C. §§ 3601 – 3619, which raises an issue of general public importance.

29. Persons who may have been the victims of the Defendants' discriminatory housing practices are aggrieved persons as defined in 42 U.S.C. § 3602(i), and may have suffered injuries as a result of the conduct described above.

30. The Defendants' conduct described above was intentional, willful, and taken in disregard for the rights of others.

## Americans with Disabilities Act Claims

31. The allegations of paragraphs 1 through 24 are hereby incorporated by reference.

32. The Defendants have failed to design and construct the rental or sales offices and other public use areas at the properties described in paragraphs 4 and 5 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

33. The Defendants have failed to design and construct the rental or sales offices and other public use areas at some of the properties described in paragraph 13 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

34. The Defendants' conduct constitutes:

    a. a pattern or practice of discrimination within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i) and 28 C.F.R. § 36.503(a); or

    b. unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

35. Persons who may have been the victims of the Defendants' discriminatory conduct are aggrieved persons as defined in 42 U.S.C. § 12188(b)(2)(B), and may have suffered injuries as a result of the conduct described above.

8

36. The Defendants' conduct described above was intentional, willful, and taken in disregard for the rights of others.

### Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that the Defendants' conduct as alleged herein violates the Fair Housing Act and the Americans with Disabilities Act;

2. Enjoins the Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

      a. at the properties identified in paragraphs 4 and 5, failing or refusing to bring the covered multi-family dwelling units and public use and common use areas into full compliance with 42 U.S.C. § 3604(f);

      b. at the properties identified in paragraphs 4 and 5, failing or refusing to conduct a compliance survey to determine whether the retrofits ordered in paragraph (a), above, were made properly;

      c. at the properties identified in paragraphs 13 and all other covered multi-family dwellings built for first occupancy after March 13, 1991, in which any Defendant was involved in the design and construction, failing or refusing to: (i) if not already done, conduct a compliance survey to identify violations of 42 U.S.C. § 3604(f), and (ii) with respect to any violations found, failing to retrofit the covered multi-family dwelling units and public and common use areas to bring them into compliance with the requirements of 42 U.S.C. § 3604(f);

9

d.  designing or constructing any covered multi-family dwellings in the future that do not comply with 42 U.S.C. § 3604(f); and

e.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct.

3. Enjoins the Defendants, their officers, employees, agents, successors and all other persons in active concert or participation with any of them from:

a.  at the properties identified in paragraphs 4 and 5, failing or refusing to bring the public accommodations, including the rental offices, into full compliance with 42 U.S.C. § 12183(a)(1), 28 C.F.R. §§36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A;

b.  at the properties identified in paragraphs 4 and 5, failing or refusing to conduct a compliance survey to determine whether the retrofits ordered in paragraph (a), above, were made properly;

c.  at the properties identified in paragraph 13 and at all other covered multi-family dwellings, with respect to the areas that are public accommodations, including rental or sales offices, designed and constructed by any of the Defendants for first occupancy after January 26, 1993, failing or refusing to: (i) if not already done, conduct a compliance survey of these public accommodations to identify violations of 42 U.S.C. § 12183(a)(1), 28 C.F.R. §§36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A, and (ii) with respect to any violations found, retrofit the public accommodations areas to bring

them into compliance with the requirements of the Americans with Disabilities Act and the ADA Standards;

      d.  designing or constructing any public accommodations at any covered multi-family dwellings in the future that do not comply with 42 U.S.C. §12183(a)(1), 28 C.F.R. §§36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A; and

      e.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct.

4. Awards such monetary damages as would fully compensate each person for injuries resulting from the above described discriminatory conduct against the Defendants pursuant to 42 U.S.C. §3614(d)(1)(B) and 42 U.S.C. § 12188(b)(2)(B);

5.  Assesses a civil penalty against each of the Defendants in the maximum amount authorized by 42 U.S.C. §3614(d)(1)(C) and 42 U.S.C. §12188(b)(2)(C), to vindicate the public interest.

//

//

//

//

//

//

//

//

The United States further prays for such additional relief as the interests of justice may require.

ERIC H. HOLDER, JR.
Attorney General

JAMES T. JACKS
Acting United States Attorney
Northern District of Texas
1100 Commerce Street, Suite 300
Dallas, Texas 75242-1699

LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

JOHN R. PARKER
Chief, Civil Division
United States Attorney's Office
Northern District of Texas
1100 Commerce Street, Suite 300
Dallas, Texas 75242-1699

DONNA M. MURPHY
DC Bar # 438436
Acting Chief, Housing and Civil
  Enforcement Section

MICHAEL S. MAURER
DC Bar # 420908
Deputy Chief, Housing and Civil
  Enforcement Section
KEVIN J. KIJEWSKI, KY Bar # 86448
JENNIFER E. MCALLISTER, VA Bar # 71180
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
202-305-2913
202-514-1116 (fax)

12

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

United States of America

**DEFENDANTS**

JPI Construction, LP, Multifamily Constr, LLC, JPI Apt Develop, LP, Lifestyle Apt Develop Svc, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff   n/a
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED

MAR 4 2009

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

US Dept of Justice, 950 Penn Ave, NW, Wash, DC 202-301-4713
US Atty's Office, ND Tex, 1100 Commerce St, 300, Dallas, TX

Attorneys (If Known)

Christopher Hanback, Holland & Knight, 2099 Penn Ave, NW, 100, Wash, DC 20006 202-955-3000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Housing Act, 42 U.S.C. SS 3601 et seq., ADA, 42 U.S.C. SS 12181 et seq.

Brief description of cause:
Violated Fair Housing Act & ADA in design & construction of inaccessible multifamily dwellings

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE

DOCKET NUMBER

DATE
03/04/2009

SIGNATURE OF ATTORNEY OF RECORD

JOHN R. PARKER, Assistant United States Attorney

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE