IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0412-B-BD |
| | § | |
| JPI CONSTRUCTION, L.P., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

In a joint status report filed on February 17, 2011, the parties asked the court to resolve a discovery dispute involving four interrogatories served by defendants seeking the identities of all persons who have communicated with plaintiff regarding accessibility issues at 52 of the properties made the basis of this suit, and four document requests seeking written materials related to those communications. At a hearing held on March 11, 2011, counsel for plaintiff explained that, as part of the government's investigation, letters were sent to approximately 5,000 tenants at the subject properties. In response to the letters, around 30 people called a toll-free number and left a voice message. A member of plaintiff's trial team then retrieved the messages. Plaintiff subsequently identified five of the respondents as "aggrieved persons," but refuses to identify any of the other individuals contacted during the investigation of this case.[1] Because none of this discovery was relevant or necessary to the disposition of the parties' cross-motions for summary judgment, the court denied the motion without prejudice. In so doing, the court stated:

---

[1] Counsel for plaintiff represented at the hearing that no written correspondence was received from any of the respondents and that no written communications -- other than the initial letter -- were sent to the tenants.

> But to give you a preview of how we're going to handle this down the road is I'm going to require the Government to tender *in camera* a summary of what each of these people who responded to the inquiries know, and I'm going to make a determination whether or not the Defendant is entitled to know the identities of these people.
>
> * * * *
>
> If there's stuff there, if there's a witness there that supports the Defendant's defense, I'm probably going to order that witness be identified, because that is a person with knowledge of relevant facts. If there's somebody that calls back and says, "Well, you know, I don't know anything about any of this and I really don't care and I don't have a dog in this fight," then I don't really see how that's a person with knowledge of relevant facts.

(Hrg. Tr., 3/11/11 at 24-25).

Consistent with that ruling, plaintiff shall submit to the court for an *in camera* review a brief summary of the voice messages left on its toll-free number by all respondents who have not been disclosed to defendants. The summary must include: (1) the name, address and telephone number, if known, of the respondent; (2) the date the respondent left a voice message; (3) the property involved; and (4) a brief description of the substance of the message, including whether the respondent complained about accessibility issues at the property, indicated there were no accessibility issues at the property, or did not take a position regarding any accessibility issues at the property. This information shall be provided to the court, but not filed of record, by **December 16, 2011**. The court will enter further orders after it reviews the *in camera* submission.

SO ORDERED.

DATED: December 5, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE